## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES BRENT WATTS,

Petitioner,

v.                                            CASE NO. 22-3310-JWL-JPO

LUCIFER, et al.,

Respondents.

## MEMORANDUM AND ORDER

This matter is before the Court on a petition for writ of habeas corpus filed pursuant to 28

U.S.C. § 2254. (Doc. 1.) Petitioner James Brent Watts, who is proceeding pro se and in forma

pauperis, is a pretrial detainee facing state criminal charges in Butler County and currently housed

at Larned State Hospital in Larned, Kansas. When Petitioner filed this action, the Court conducted

a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2254

Cases in the United States District Court. On December 29, 2022, the Court issued a notice and

order to show cause (NOSC) directing Petitioner to show cause, in writing, why this action should

not be dismissed.[1] (Doc. 4.) The NOSC advised Petitioner that his response was due on or before

---

[1] The specific deficiencies identified in the NOSC will not be repeated here. They have been identified multiple times by this Court and, as pointed out in the NOSC, Petitioner has now been afforded three opportunities to address them and explain why they do not require dismissal. In *Watts v. Lucifer*, Case No. 22-3109-SAC, Petitioner filed a petition substantively identical to the one in the current matter, but failed to respond to an NOSC that identified fatal deficiencies in the petition and directed Petitioner to show cause why that matter should not be dismissed. After the Court dismissed the matter without prejudice, Petitioner moved for reconsideration of the dismissal, alleging that he had never received the NOSC but would have responded had he been aware of it. The Court reopened the case and renewed the NOSC, giving Petitioner a second opportunity to show cause why the matter should not be dismissed. Petitioner again did not do so, and the Court dismissed the case. Petitioner then filed the substantively identical petition that initiated the present action. The Court once again identified the deficiencies in the petition in an NOSC.

January 30, 2023 and that "[t]he failure to file a timely response will result in this matter being dismissed without further prior notice." *Id.* at 10.

More than two weeks have passed since the deadline to respond to the NOSC. Petitioner has failed to file a response or anything else in this matter. Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed R. Civ. P. 41(b). In addition, since there has been no response to the NOSC, the Court sees no reason to reconsider its earlier conclusion that the petition is fatally deficient, which provides an additional basis for dismissal. Accordingly, the Court will dismiss this matter without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485.

The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 15th day of February, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge